UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREENWICH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDEN OAKS VILLAGE, INC., MICHAEL BERARDI, MALCOLM D. GRAFF, JOHN M. HERMAN, VICTOR A. DE PHILLIPS, DONALD S. WIRT, JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10.<br><br>Defendants. | Civil Action No.: 10-2997<br><br>STIPULATION OF SETTLEMENT |

**WHEREAS,** on or about July 16, 1998, defendant Golden Oaks Village, Inc. ("Golden Oaks") was granted approval by the Township of Kidder ("Township") with respect to a project known as the Golden Oaks Residential Development PRD Phase I, Stage I ("Project"); and,

**WHEREAS,** in accordance with applicable provision of the Pennsylvania Code; the ordinances of the Township of Kidder; the terms of the Owner's approval and the Land Development Agreement entered into between the Township and Golden Oaks, Golden Oaks was required to provide a Subdivision Performance Bond to the Township ("Bond"); and,

**WHEREAS,** at the request of the defendants, plaintiff Greenwich Insurance Company ("Greenwich") issued a Subdivision Performance Bond, Bond Number 4501103 ("Bond") on behalf of Golden Oaks; and,

**WHEREAS**, as a condition precedent to the issuance of the Bond, Defendants Golden Oaks, Michael Berardi, John M. Herman, Malcolm D. Graff, Victor A. De Phillips and Donald S. Wirt, executed a written Commercial Surety General Indemnity Agreement ("GIA") which provided, *inter alia* that Defendants would pay Greenwich upon demand, all losses, costs, demands, attorneys' fees, including outside or in-counsel staff, and expenses of whatever kind or nature which Surety may incur or pay by reasons of, or in consequence of, the execution by Surety of any Bond issued on behalf of Golden Oaks; and,

**WHEREAS**, Golden Oaks furnished the Township with an Irrevocable Letter of Credit in the amount of $45,881.20, to apply toward the cost of completing the project ("Letter of Credit Funds").

**WHEREAS**, on or about December 17, 2009, the Township passed Resolution No. 2009-006 which declared Golden Oaks in default in of obligations under the Land Development Agreement entered into between Golden Oaks and the Township; and,

**WHEREAS**, as part of said Resolution, the Township authorized a draw upon the Bond posted for the benefit of the Township; and,

**WHEREAS**, the Township has entered into an agreement with Greenwich in which Greenwich will perform certain work related to the project; and,

**WHEREAS**, Greenwich commenced the above-captioned litigation against the Defendants, based upon its rights under the terms of the GIA, for indemnification and exoneration in an amount not less than the outstanding premium payments, losses, costs, and expenses, including attorneys' and consultants' fees, which have been or will be

incurred and paid by Greenwich in connection with any claims against Greenwich on the Bond; and

**WHEREAS**, Greenwich and defendants Michael Berardi, John M. Herman and Golden Oaks (collectively "Settling Defendants"), desire to enter into an agreement to settle their differences related to the Settling Defendants' obligations under the terms of GIA;

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the parties agree as follows:

1. Greenwich will dismiss its lawsuit against Settling Defendants with prejudice and release any and all claims that it may have against the Settling Defendants with regard to the issuance of the Bond.

2. Greenwich will assign to Settling Defendants, any and all of its rights of subrogation against Defendants Malcolm D. Graff, Victor A De Phillips and Donald S. Wirt related to its issuance of the bond and/or its losses thereunder.

3. In addition to furnishing the Township with an Irrevocable Funds Directive directing the Township to pay the Letter of Credit Funds to Greenwich to offset the cost incurred by Greenwich in completing the project, the Settling Defendants will provide Greenwich with a mortgage on real property known as Model Home, Lot #66, within Golden Oak Village, more commonly known as _____ ("subject real property").

4. Settling Defendants represent that the subject real property is unencumbered by any mortgage or lien and that no governmental taxes, insurance premiums and/or association fees relative to the property are in arrears.

5. Upon execution of this Agreement, Settling Defendants shall obtain, at their sole expense, a title report documenting for the benefit of Greenwich that the property is not encumbered by a mortgage or lien and that indemnitor Michael Berardi has good and marketable title to the subject real property.

6. Upon execution of this Agreement, Settling Defendants shall pay for all costs and fees associated with the preparation, filing and recording of the mortgage for the benefit of Greenwich on the subject real property, with a title update being obtained by Settling Defendants confirming to Greenwich that its mortgage is a first mortgage and first priority lien on said premises. This shall be completed within ten days of the date that this Agreement is executed. The Mortgage shall be in the amount of five hundred thousand ($500,000) Dollars.

7. Except as provided in Paragraph 3 above wherein the settling Defendants agreed to direct the Letter of Credit funds to the Surety to offset its completion costs, reimbursement of the balance of the loss, costs and expenses incurred by the Surety in satisfaction of its obligations under the Bond shall come solely from the proceeds of the sale of the subject real property. Upon receipt by the Surety of the proceeds from the sale of the subject real property, the Surety shall issue a Satisfaction of Mortgage. Upon the Surety's receipt of both the proceeds from the sale of the subject real property and the Letter of Credit funds, the parties shall exchange full and final mutual releases with respect to the Bond.

8. Upon execution of this Agreement, Settling Defendants shall immediately list the subject real property at a price to be determined solely by Greenwich.

9. Settling Defendants shall make good efforts to market the property to potential purchasers.

10. Settling Defendants hereby agree that they shall be responsible for all costs attendant to the listing of the subject real property.

11. Settling Defendants acknowledge that they are solely responsible for paying any and all fees and/or commissions to the listing broker of the subject real property.

12. Settling Defendants shall provide monthly updates to Greenwich as to the efforts that they are undertaking to market the subject real property. Notice shall be provided to Greenwich's representative, Carol Andrews, Cashin Spinelli & Ferretti, LLC., 304A Main Street, Farmington, CT 06032, Telephone: 860-269-0330, Facsimile: 860-269-0339 Email: candrews@csfllc.com (hereinafter "Greenwich's agent") via telephone and/or electronic mail.

13. Settling Defendants and/or their agents and assigns, shall advise Greenwich of any and all offers to purchase the subject real property within twenty four (24) hours of receiving same by contacting Greenwich's agent and immediately thereafter forwarding a copy of the offer.

14. Settling Defendants hereby acknowledge that Greenwich shall have the right to approve or reject any offers to purchase the subject real property. Greenwich will act reasonably related to the approval or rejection of any offers.

15. Until such time as the subject real property is sold, Settling Defendants shall continue to maintain the subject real property, and to pay all costs and expenses associated with maintaining the subject property, including but not limited to, paying all

property taxes, hazard insurance, association fees and utilities attendant to the real property. Settling Defendants shall provide Greenwich with proof of same on a monthly basis. At the time of closing, Settling Defendants shall immediately pay any outstanding or pro-rata costs and expenses related to the subject property including, but not limited to, property taxes, hazard insurance premiums, utilities and/or association dues attendant to the subject real property. In the event that the subject real property suffers any damage during this time, Settling Defendants shall promptly submit whatever documentation is required by the insurance carrier relative to coverage and payment and as a result thereof shall become the property of Greenwich.

16. Until such time as the subject real property is sold, Settling Defendants agree to maintain the grounds, buildings and improvements, in good condition subject to ordinary wear and tear. Settling Defendants represent that all electrical, plumbing, heating and air conditioning systems, together with all fixtures now work or are in good condition or shall be in good working order at the time of sale.

17. At the time of the sale of the subject real property, Settling Defendants shall remove all furniture in the subject real property at their sole expense.

18. Settling Defendants hereby acknowledge that the following shall remain in the subject real property and shall be included in the sale: Gas and electric fixtures, cooking ranges and ovens, hot water heaters, linoleum, screens, shades, blinds, awnings, radiator covers, heating apparatus, refrigerator, washer and dryer.

19. At the time of the sale, all proceeds of the sale of the subject real property shall be paid to Greenwich within seven (7) days of the closing date.

20. In the event that Settling Defendants breach any of the above-mentioned provisions, Greenwich's release of the Settling Defendants becomes null and void and Greenwich will have the right to seek indemnification from the Settling Defendants for all losses incurred as a result of issuing the Bond and/or making any payments with respect thereto. Settling Defendants hereby waive any limitations with regard to this provision.

21. All parties to this agreement acknowledge that this agreement only pertains to Bond Number 4501103, and does not amend the parties' rights and/or obligations with regard to any other Bond issued by Greenwich on behalf of Golden Oaks.

22. All parties have had the opportunity to consult with counsel of their own choosing prior to entering into this Stipulation.

23. No waiver of any breach or default hereunder shall be considered valid unless in writing and signed by the party giving such waiver, and no such waiver shall operate or be construed as a waiver of any subsequent breach or default of the same or similar nature.

24. This Stipulation contains the entire agreement between Greenwich and the Settling Defendants and supersedes any prior written or oral agreements, understandings or arrangements, and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. Moreover, no provisions of this Stipulation shall be modified, amended, extended, discharged, terminated or waived except by a writing specifically referring to this Stipulation and signed by all parties hereto.

25. If any of the provisions of this Agreement are determined to be invalid under any applicable state or federal laws, the Parties agree that such invalidity shall not affect or impair the validity of the other provisions, which shall be considered severable, and shall remain in full force and effect.

26. By the Court "so ordering" this relief, the Court is agreeing to retain jurisdiction in order to enforce the terms and conditions of this Stipulation.

27. This Stipulation may be executed in one or more counterparts, each of which shall be an original but all of which shall constitute one and the same agreement.

Witness/Attest:

GREENWICH INSURANCE COMPANY

By: _____
    AUTHORIZED REPRESENTATIVE

Witness/Attest:

GOLDEN OAKS VILLAGE, INC.

Witness/Attest:

_____
MICHAEL BERARDI

Witness/Attest:

_____
JOHN M. HERMAN

SO ORDERED:

# DREIFUSS BONACCI & PARKER, LLP
## ATTORNEYS AT LAW

David C. Dreifuss (NJ)
JoAnne M. Bonacci (NJ & PA)
Ronald I. Parker (NJ & NY)

Derek A. Popeil (NJ & NY)
Paul H. Mandal (NJ & NY)
Eli J. Rogers (NJ & NY)
Brian M. Greene (NJ & MA)
Paul M. McCormick (NJ & NY)
Michael R. Minnefor (NJ & NY)

26 Columbia Turnpike
*North Entrance*
Florham Park, New Jersey 07932

(973) 514-1414
Telefax (973) 514-5959

Writer's E-mail Address:
pmandal@dbplawfirm.com

Five Penn Plaza
23rd Floor
New York, New York 10001
(212) 835-1514

1500 Market Street
12th Floor
East Tower
Philadelphia, Pennsylvania 19102

*Please reply to New Jersey Office*

January 26, 2011

**VIA FEDERAL EXPRESS**
**Clerk,**
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501

Re: **Greenwich Insurance Company v. Golden Oaks Village Inc.**
**Case No.: 3:10-cv-01886-JMM**

Dear Sir/Madam:

Attached please find an original and two copies of a Stipulation of Settlement in this matter executed by plaintiff, Greenwich Insurance Company, and defendants Golden Oaks Village, Inc., Michael Berardi, and John M. Herman ("Settling Defendants") only. The Stipulation of Settlement has no effect on the rights of defendants Malcolm D. Graff, Victor A. DePhillips and Donald S. Wirt.

I would direct the Court's attention to paragraph 2 of the Stipulation of Settlement, which states, "Greenwich will assign to Settling Defendants, any and all rights of subrogation against Defendants Malcolm D. Graff, Victor A. DePhillips and Donald S. Wirt related to its issuance of the bond and/or its losses thereunder." Hence, it is the sole responsibility of Settling Defendants and any counsel of their choosing to prosecute this action, not Greenwich Insurance Company or any counsel of its choosing.

In the event that you have any questions, please feel free to contact me. Thank you for your attention to this matter.

Very truly yours,

PAUL H. MANDAL

PHM/al
enc.
cc: Judge James M. Munley (Via Federal Express)
John Herman (Via Electronic Mail and w/o enclosure)